# Theodore Mixel *v.* Israel Betz, Appellant.

*Practice, S. C.—Assignments of error—Evidence.*

The Supreme Court will not consider an assignment of error to the rejection of evidence, where the record shows that the exclusion of the evidence was not excepted to at the trial, and that no exception was afterwards allowed.

*Practice, C. P.—Charge of court—Review.*

Where no exception was taken at the trial to the admission or exclusion of evidence, and no error assigned to the instruction of the trial judge on any legal question, the Supreme Court will not reverse a judgment on a verdict for plaintiff because the trial judge said to the jury, "Take the case then, and under the testimony given before you, and the law as you have heard it, about which there is no difference of opinion between counsel, render such a verdict as you believe will accord with the obligations you have assumed as jurors."

Argued May 1, 1895. Appeal, No. 277, Jan. T., 1895, by defendant, from judgment of C. P. Cumberland Co., on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for malpractice. Before SADLER, P. J.

At the trial it appeared that defendant, a physician, treated a minor daughter of plaintiff for a broken arm. Plaintiff claimed that by reason of improper treatment the fractured bone did not unite, that inflammation ensued, and that the bone between the shoulder and elbow died, and was subsequently removed by another physician. Defendant testified that the arm was properly treated, and that the decay of the bone was caused by the scrofulous condition of the patient.

When Dr. W. G. Stewart was on the stand, defendant made the following offer :

" It is proposed to prove by the witness on the stand that he examined the child in the neighborhood of two years after the accident and that he found that it was affected with a constitutional disease of a serious character."

It was objected " that the witness on the stand has already testified that he knew nothing of the child until two years subsequent to the accident, and the testimony will be incompetent

and inadmissible." The witness had already testified that he did not see the child until it was brought to his office almost two years after the accident.

The court then asked the witness:

" From the examination which you made of this child at the time you first saw her, are you prepared to say that its condition was of a scrofulous character at the time of the accident."

The Witness: " No, sir, I could not say that, the condition might have developed after the accident—the condition in which I found it."

The Court: " We will have to reject the offer."

No exception was taken to the ruling of the court.

The court charged in part as follows :

" [It appears that a little girl of the plaintiff, a child of four or five years of age, fell and broke her arm in November, 1890 or 1891—it does not seem altogether clear whether it was 1890 or 1891, but we do not think it very material—and that Dr. Betz was applied to for medical aid. He treated the patient for several weeks ; the fractured bone did not unite, but inflammation ensued. The bone between the shoulder and the elbow died and a year thereafter was removed by Dr. Stewart.] [2]

" [Take the case then, and, keeping in mind all that you have heard from the mouths of the different witnesses, and under the testimony given before you and the law as you have heard it, about which there is no difference of opinion between counsel, render such a verdict as you believe will accord with the obligations you have assumed as jurors.] " [3]

Verdict for plaintiff for $604.75. On a remittitur being filed judgment was entered for plaintiff for $500.

*Errors assigned* were (1) rulings on evidence; (2, 3) instructions as above ; (4) in not directing verdict for defendant.

*H. S. Stuart*, of *Stuart & Stuart*, for appellant.

*J. M. Weakley*, *S. M. Leidich* with him, for appellee.

PER CURIAM, May 20, 1895 :

We are by no means free from misgivings as to the correct-

ness of the conclusions reached by the jury in this case, but a motion for a new trial is under the control of the court below. Our business is with the alleged errors in the trial. The exclusion of a question asked of Dr. Stewart is the subject of the first assignment of error, but the exclusion was not excepted to at the trial and no exception has since been allowed. The offer is, for this reason, not upon the record and we cannot properly consider it. The second is to the statement made by the learned judge in his charge that it was not very material whether the arm was broken and Doctor Betz was applied to in 1890 or in 1891. We see no error in this. The subject to which the attention of the jury was directed was not so much one of date as one of the character and adequacy of the examination made.

The same must be said of the third assignment. There really was no difference of opinion between counsel about the legal principles applicable to the action.

The plaintiff's right to recover rested on the care or negligence of the defendant. This was a question of fact about which counsel did differ, but on the legal questions the fact that no exception is now taken to the instructions given to the jury upon them, satisfies us that the appellant sees in them nothing of which he can justly complain.

We can sustain neither of the assignments. If the jury reached a mistaken conclusion we have no means for correcting it. The learned judge of the court below seems to have been satisfied with the verdict and we must be.

The judgment is affirmed.